The State, ex rel. Bower et al., *v.* City of Columbus et al.

(No. 70-783—Decided June 30, 1971.)

8

*Mr. Dwight L. Fullerton* and *Mr. Alan C. Travis,* for relators.

*Mr. John C. Young,* city attorney, *Mr. William J. Melvin* and *Mr. Thomas A. Bustin,* for respondent.

*Per Curiam.* In *Partlow,* the national air space defense was before this court, which allowed the writ of mandamus on authority of *Royal* and *Griggs* v. *Allegheny* (1962), 369 U. S. 84. In *Partlow,* respondents, as here, also contended that the United States was a necessary party.

While respondents now raise the more precise question of immunity based upon the complete right to control by the federal government, it appears clear that even this specific question was considered in *Griggs,* where the court stated at page 89:

"It is argued that though there was a 'taking,' someone other than respondent was the taker—the airlines or the C. A. A. acting as an authorized representative of the United States. We think, however, that respondent, which was the promoter, owner, and lessor of the airport, was in these circumstances the one who took the air easement in the constitutional sense. * * * The federal government takes nothing; it is the local authority which decides to build an airport *vel non,* and where it is to be located."

We find no significant difference in the "circumstances" in *Griggs,* as regard federal-local responsibilities to those presented here.

The writ of mandamus is allowed on authority of *Royal, Partlow* and *Griggs.*

*Writ allowed.*

O'NEILL, C. J.; SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.