(No. 396—Decided July 26, 1971.)

*Mr. Edmund G. Peper,* prosecuting attorney, and *Mr. James Donovan,* for appellants.

*Messrs. Hanna & Hanna,* and *Messrs. Middleton & Roebke,* for appellees.

REILLY, J. This is an appeal on law and fact from a judgment of the Court of Common Pleas of Henry County, Ohio, entered June 10, 1970, and from a judgment overruling a motion for a new trial rendered August 20, 1971.

Plaintiffs, appellees herein, live in the immediate vicinity of the Henry County airport. They filed this action to enjoin further development of the facility as well as for damages for the loss of value of their lands caused by the airport construction.

Defendants, appellants herein, trustees of the airport authority for Henry County, Ohio, acquired certain parcels of real estate located in Harrison township for the purpose of establishing a public airport. It was created within the authority of the statutes of the state of Ohio and by resolution of the board of county commissioners of Henry County, Ohio. The record does not disclose any statutory violation or unconsitutionality.

Plaintiffs' evidence is based upon the contention that the airport is engineered, projected, and would be so operated as to create a danger or nuisance to them. They also claim damages. The evidence relates to adjoining properties, the lands of plaintiffs Oberhaus and Crawford, with some testimony concerning plaintiff Nichols' property. The airport is not completed, and is not open. Among the items still to be finished are driveways, parking areas, and an administration building.

It is axiomatic that the remedy of injunction is unusual and should not be granted if there is an adequate remedy at law. Moreover, although a continuing trespass is a basis for injunctive relief, it is not sufficient to have merely a speculative, anticipated trespass. Paragraphs one and two of *White* v. *Long* (1967), 12 Ohio App. 2d 136 reads as follows:

"1. An injunction will not be granted where damage is trifling, fanciful, sentimental or the result of a mere inconvenience; and the invasion of a private right without actual and palpable injury is not sufficient to support the granting of an injunction.

"2. The proof necessary to support the granting of an injunction must be clear and convincing, and the right thereto must be clear and established by the strength of plaintiff's own case and not by the weakness of defendant's case."

Further, it is written in 7 Ohio Jurisprudence 2d 11 Aviation, section 11, that:

" * * * The operation of an airport is a lawful business, and unless the circumstances disclose that it is a nuisance, its continuance may not be enjoined on the ground that the value of adjoining property is depreciated. The construction, maintenance, and operation of airports or landing fields is generally considered to be for a public use justifying the exercise of the power of eminent domain for the purpose of acquiring private property for such use. * * * ."

The burden of proof is upon plaintiffs to show a right to the extraordinary remedy of injunction. This has not

been done. The record does not disclose evidence sufficient for this remedy.

Further, plaintiffs have another remedy. The Supreme Court has recently held in *State, ex rel. Bower,* v. *Columbus* (1971), 27 Ohio St. 2d 7, that mandamus is available, if low and frequent airflights interfere with the enjoyment of land so as to constitute a "taking." It is well recognized, however, that a person seeking a writ of mandamus must establish a clear right to this relief. 35 Ohio Jurisprudence 2d 461-463 Mandamus, sections 170-171. It is, of course, problematical whether plaintiffs presently could establish such a right within the principles of *State, ex rel. Royal,* v. *Columbus* (1965), 3 Ohio St. 2d 154. Nonetheless, if they show a "taking," and an appropriation of their rights, they have a mandamus remedy.

As to plaintiffs' second cause of action, there is no proof of damages. The possibility of low flying aircraft causing property damage or personal injury is purely speculative at this time. Therefore, the issue is moot.

Accordingly, for the foregoing reasons, both causes of action in plaintiffs' petition are dismissed and final judgment is entered for defendants.

*Judgment reversed.*

GUERNSEY, J. (Presiding), and COLE, J., concur.

REILLY, J., of the Tenth Appellate District, sitting by designation in the Third Appellate District.